# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Chambers of**  
**Richard D. Bennett**  
**United States District Judge**  
**Northern Division**

**U.S. Courthouse - Chambers 5D**  
**101 W. Lombard Street**  
**Baltimore, MD 21201**  
**Tel: 410-962-3190**  
**Fax: 410-962-3177**

June 2, 2014

## LETTER ORDER

RE: *Malibu Media, LLC v. John Doe, IP Address 68.49.5.73*  
   RDB-13-3417



Dear Parties:

    This letter order clarifies the current state of this case in light of Plaintiff Malibu Media, LLC's Notice of Voluntary Dismissal Without Prejudice of John Doe, ECF No. 11. It is well-settled that a voluntary dismissal under Rule 41(a)(1)(A)(i) "'is available as a matter of unconditional right and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" *In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005) (quoting *Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)). Nothing in this letter order is intended or should be construed to qualify or cast doubt on Plaintiff's ability to voluntarily dismiss this action without prejudice, or the fact that this case already has been dismissed.

    But while "[t]he general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all," *Dove v. CODESCO*, 569 F.2d 807, 810 n.3 (4th Cir. 1978), here Plaintiff has been allowed to obtain expedited discovery, and may have been able to obtain the identity of the Doe Defendant. Because of serious concerns that similar cases have involved abusive settlement negotiations relying on the threat to expose Defendants as allegedly downloading pornographic content, the discovery sought by Plaintiff was granted only with specific, strict limitations. *See* Order, ECF No. 6.

    Among those conditions, Plaintiff was required to mark any information it received from Defendant's Internet Service Provider ("ISP") as "Highly Confidential," and was prohibited to disclose it "to any person not directly involved as an attorney in representing Malibu in this copyright infringement action relating to the Information received." *Id.* ¶ 4. To prevent the possibility of abusive settlement negotiations, Plaintiff also was prohibited to initiate any settlement negotiations with Defendant other than as approved by the Court. *Id.* ¶ 5.

There is nothing in the earlier Order that suggests that these conditions expire with the termination of the instant case. To the contrary, they are absolute conditions on the *receipt* of Defendant's identifying information that remain in place until this Court rules otherwise. Accordingly, though Plaintiff may dismiss this suit as of right, it may not publish Defendant's name or identifying information, nor may it use any information it has received in discovery to contact Defendant, if unrepresented, for the purposes of settlement without an order of this Court.

If Plaintiff intends to pursue settlement negotiations with Defendant outside of the context of a pending case, it may seek an order of this Court if Defendant is unrepresented. If Plaintiff decides that it wishes to re-institute this case against Defendant, it also may do so provided that it complies with the confidentiality provisions of the earlier Order, and subject to the "two-dismissal" rule of Fed. R. Civ. P. 41(a)(1)(B). But voluntarily dismissal does not relieve Plaintiff from the conditions that allowed it to obtain Defendant's identifying information in the first instance.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

Richard D. Bennett
United States District Judge